**CARR et al. v. ZAVALA COUNTY BANK.**

No. 9124.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1933.

Rehearing Denied June 28, 1933.

John T. Spann, of Crystal City, for plaintiffs in error.

Jackson & Crawford, of Crystal City, for defendant in error.

MURRAY, Justice.

Zavala County Bank, defendant in error, instituted this suit against Arie Carr and others for the amount of principal, interest, and attorney's fees, alleged to be due upon a certain promissory note originally for the principal sum of $5,460, together with foreclosure of deed of trust lien on certain real estate located in Zavala county, Tex.

Plaintiffs in error complain that they were not given sufficient time to examine the court's charge and prepare their exceptions to same and to prepare and submit to the court specially requested issues. The trial court completed the first draft of his charge about 12 noon, and furnished a copy to respective counsel. About 1:30 p. m. the court submitted to respective counsel a second draft of his charge and denied any time to inspect and except to this second draft of his charge, but at once read same to the jury and ordered arguments to begin, stating that counsel might prepare and file their exceptions after the arguments. Article 2185, R. C. S., is as follows:

"Art. 2185. (1971-2) Requisites.—

"The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. Failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon appeal upon proper exception. * * *"

It has been held that such provision of the statute is highly remedial in its nature, and neither the trial court nor counsel can waive its provisions. Western Indemnity Co. v. Toennis (Tex. Civ. App.) 250 S. W. 1098. Certainly the trial court cannot ignore this plain provision of the statute over the protest of counsel.

The proper time for making exceptions to the court's charge is before it is read to the jury, so that the trial court may amend or change his charge in the event he considers such exceptions well taken. Exceptions filed after the trial is completed can form no useful purpose. The trial judge in qualifying the bill of exceptions gave as his reason for denying further time to counsel for plaintiff in error that the criminal docket had been set for that particular day and that he was anxious to dispose of this case in order to take up the criminal docket. This press of business would not be a sufficient reason for violating the plain provisions of the statutes.

Plaintiffs in error further show that the charge was subject to exceptions and objections, and that they were injured by not being given time to properly prepare their exceptions.

For the error pointed out, the judgment will be reversed and the cause remanded.